The 7th section of the act relative to incorporations for manufacturing purposes, passed March 22, 1811, (3 R.S. 2d ed. 222,) provides "that for all debts which shall be due and owing by the company at the time of its dissolution, the persons then composing such company shall be individually responsible to the extent of their respective shares of stock in the said company, and no further." Upon the evidence admitted at the trial, the defendant appears to have been within the description of the persons responsible for debts of the company owing at the time of its dissolution. The question before us, therefore, is, whether the evidence excluded at the trial, taken in connection with the other facts in the case, would have shown, or tended to show, that the defendant was not within the meaning of the above section, one of the persons composing the company. On looking at the different sections of the act, the persons composing the company appear to be the stockholders therein; and this too is the obvious construction of the terms employed. The act furnishes no other test for determining who the persons composing the company are. I am entirely satisfied with the determination inAdderly v. Storm, (6 Hill, 624,) and with the reasons assigned for that judgment. In that case the beneficial interest of the defendants in the stock had ceased by the payment of the debt as security for which they held it, and yet, although they had given a power of attorney to re-transfer the stock, as it had not been actually re-transferred when the debt was contracted by the company for which they were sought to be charged, they were held responsible. It is true that in that case, the stockholders at the time when the debt was contracted, were held to be those upon whom under the statute personal liability for the debts of the corporation attached, while under the act now in question, stockholders at the time of the dissolution of the company alone are personally responsible. Upon this difference in the two statutes it was argued, that the decision in Adderly v. Storm
might be sustained, upon the ground that credit would be deemed to have been given to the company, on the faith of the responsibility of the persons appearing to be *Page 156 
stockholders, and that they therefore might be held responsible on the same principle upon which ostensible partners, who are not actually partners, are charged with the debts of the partnership in which they allow themselves to appear to be partners. The court however refused to put Adderly v. Storm upon that ground. (See p. 629.) After stating the argument upon that view of the case they say, as the defendants were in fact stockholders they must answer to the plaintiff, although he may not have known at the time he trusted the company that the defendants could be reached.
But if Adderly v. Storm had been put upon that ground, it would not, I think, have aided the defendant in this case. For although it would not necessarily follow, that those who were shareholders at the time of the making of the contract, would continue to be so until the dissolution of the company, if that event should happen, yet the character and responsibility of those who were members of the company and the probability of their continuing members, might fairly and would naturally influence the credit of the company, in the estimation of one about to deal with it. Such a person might well say, these are the persons who would be personally responsible if the company should now be dissolved, and I will trust the company upon my estimate of the probability of their continuing to be stockholders. So thought the supreme court of Maine, in Stanley
v. Stanley, (13 Shep. 191,) where they say "it is important that any one giving credit to a corporation should at the time be able to ascertain who the individuals are, who may become ultimately responsible to him;" and they therefore held that so far as creditors were concerned, a person appearing to be a stockholder on the transfer books, was liable as such.
In the case now before us, by the agreement between Silas Brown Co. and Dibble, the stock was to be transferred to Brown individually, as collateral security for Dibble's debt to S. Brown Co., and they in the case provided for in the contract were to have the right to sell. This agreement was performed on Dibble's part, by the absolute transfer of the title to *Page 157 
the stock to Brown. He thereupon became a shareholder in the company, and as such is liable in this suit. Any other rule would in my opinion conflict with the policy of the law, for under no other rule could a dealer with the company ascertain with certainty, the individuals to whom in the event of the dissolution of the corporation he may have recourse. The judgment should be affirmed.
RUGGLES, DENIO, ALLEN and PARKER, Js. concurred.
SELDEN, J. dissented.
Judgment affirmed.